| | |
|---|---|
| **KLESTADT WINTERS JURELLER**<br>  **SOUTHARD & STEVENS, LLP**<br>200 West 41st Street, 17th Floor<br>New York, NY 10036-7203<br>Telephone: (212) 972-3000<br>Facsimile: (212) 972-2245<br>Fred Stevens<br>Christopher J. Reilly | Hearing Date: December 13, 2017<br>Hearing Time: 10:00 A.M.<br>Objection Deadline: December 6, 2017 |

*Special Litigation Counsel to Gregory Messer,*
  *Chapter 7 Trustee of the Estate of Fyre*
  *Festival LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
In re                                                                    :
                                                                              :       Chapter 7
FYRE FESTIVAL LLC,                                         :
                                                                              :       Case No. 17-11883 (MG)
                                          Debtor.            :
-----------------------------------------------------------x

**TRUSTEE'S FIRST OMNIBUS APPLICATION FOR AN ORDER,
PURSUANT TO FED. R. BANKR. P. 2004, AUTHORIZING THE
TRUSTEE TO EXAMINE (I) WILLIAM MCFARLAND, a/k/a BILLY
MCFARLAND; (II) JEFFREY ATKINS, a/k/a JA RULE; (III) JASON VE;
(IV) FYRE MEDIA, INC.; (V) WILSON SONSINI GOODRICH ROSATI;
(VI) THE BLAKMAN AGENCY, INC.; AND (VII) ANY FINANCIAL
INSTITUTIONS WITH ACCOUNTS OWNED OR CONTROLLED BY
THE DEBTOR, OR IN WHICH THE DEBTOR IS BELIEVED TO HAVE
<u>SOME DIRECT OR INDIRECT INTEREST</u>**

**TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:**

Gregory M. Messer, the Chapter 7 Trustee (the "<u>Trustee</u>") for the estate of Fyre Festival LLC (the "<u>Debtor</u>"), by and through his special litigation counsel, Klestadt Winters Jureller Southard & Stevens, LLP, as and for his first omnibus application (the "<u>Application</u>") for entry of an order, pursuant to Fed. R. Bankr. P. 2004, authorizing him to examine (i) William McFarland, a/k/a Billy McFarland ("<u>McFarland</u>"); (ii) Jeffrey Atkins, a/k/a Ja Rule ("<u>Atkins</u>",

collectively with McFarland the "Principals"); (iii) Jason Ve ("Mr. Ve"); and (iv) Fyre Media, Inc. ("Fyre Media") (v) Wilson Sonsini Goodrich Rosati ("WSGR"); (vi) the Blakman Agency, Inc. ("Blakman"); and (vii) any financial institutions with accounts owned or controlled by the Debtor, or in which the Debtor is believed to have accounts over which it has some direct or indirect interest (each a "Financial Institution," collectively, the "Financial Institutions") (each proposed examinee, an "Examinee," collectively, the "Examinees"), respectfully represents:

## PRELIMINARY STATEMENT

The Order for Relief directed the Debtor to file all schedules, statements and lists by no later than September 12, 2017. To date, no mandatory disclosures have been made by the Debtor. The Debtor has failed to turn over any books and records or otherwise provide the Trustee with any of the information or documents that he needs to perform his duties under the Bankruptcy Code.

For all the foregoing reasons and those set forth below, the Trustee respectfully requests that the Court enter an order in substantially the same form as that annexed hereto as Exhibit A (the "Proposed Order"), authorizing the Trustee to serve subpoenas *duces tecum* (each a "Subpoena," collectively, the "Subpoenas") upon each of the Examinees.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334, and the "Amended Standing Order of Reference" of the United States District Court for the Southern District of New York (Preska, C.J.), dated January 31, 2012.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory predicate for the relief requested herein is Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 45 of the Federal Rules of Civil Procedure (the "Federal Rules").

## INTRODUCTION

5. On July 7, 2017 (the "Petition Date"), an involuntary chapter 7 petition (the "Involuntary Petition") was filed by certain creditors of the Debtor.

6. On August 29, 2017, the Court entered the Order for Relief. The Order for Relief further directed the Debtor to file all schedules, statements, lists and creditors' matrix with fourteen (14) days of its entry, or September 12, 2017.

7. On or around August 31, 2017, Gregory M. Messer was appointed interim trustee of the Debtor's estate. An initial meeting of creditors pursuant to section 341(a) of the Bankruptcy Code has been scheduled for November 17, 2017 at 11:00 a.m.

## BACKGROUND

8. In 2016, the Debtor and the Principals conceived of and began promoting the Fyre Festival (the "Festival") as a unique concert experience that would take place at Great Exuma Island, Bahamas ("Exuma") over the course of two weekends in April and May of 2017. Tickets to the Festival were billed as "exclusive" and cost between $1,200-$100,000 per ticket or ticket package. In promotional materials, the Festival was called "the cultural experience of the decade" which included travel via private jet from Miami to Exuma, VIP accommodations and A-list musical performances from talents such as Blink-182, Major Lazer and Migos.

9. The Debtor spent tremendous amounts of time and borrowed money promoting the Festival through YouTube videos and social media promotions featuring famous celebrities. As a result of this advertising and promotional blitz, thousands of people purchased tickets to the

Festival. Unfortunately, the Responsible Persons failed to ensure that Exuma was adequately prepared to host the Festival.

10. In late April 2017, reportedly thousands of Festival attendees flocked to Exuma for the event and instead of getting what they expected, "chaos ruled all facets of the festival: luggage was simply thrown out of the back of a truck, feral dogs ran around the festival site and there were few security guards or festival employees on-site to assist attendees." Daniel Kreps, *Ja Rule's Luxury Fyre Festival Canceled After Disastrous Start*, Rolling Stone, Apr. 28, 2017.[1]

11. The Debtor initially blamed standard growing pains for the failure, but eventually issued a notice on the Festival's Instagram page postponing the Festival and promising to refund money to attendees. Beginning in May 2017, various attendees began filing class-action lawsuits against the Responsible Persons and the Debtor all over the country, and lenders and vendors began filing suit as well.[2]

12. The Debtor has not filed schedules or statements in accordance with the Order for Relief. Based on this, the Trustee has contemporaneously filed his motion to designate responsible persons and compelling such responsible persons to fulfill the Debtor's duties and comply with the Court's orders. However, due to a total lack of communication from the Debtor's principals, it is the Trustee's position that he will need to examine each of the proposed Examinees in order to fulfill his duty to investigate the Debtor's financial affairs.

### RELIEF REQUESTED

13. Pursuant to section 704(a) of the Bankruptcy Code, the Trustee is obligated to, among other things: "(4) investigate the financial affairs of the debtor; . . ."  11 U.S.C. §

---

[1] See www.rollingstone.com/music/news/ja-rules-luxury-fyre-fest-canceled-after-disastrous-start-w479298.
[2] See, e.g., Petrozzielllo v. Fyre Media, et al., Case No. 17-03018 (SDW) (D.N.J. May 2, 2017); National Event Services, Inc. v. Fyre Festival, et al., Case No. 17-02038 (JS) (E.D.P.A. May 3, 2017); Reel v. McFarland, et al., Case No. 17-21683 (FAM) (S.D.F.L. May 5, 2017); Jung v. McFarland, et al., Case No. 17-03245 (ODW) (C.D.C.A. May 7, 2017); Daly v. McFarland, et al., Case No. 17-03461 (KBF) (S.D.N.Y. May 9, 2017); and Jutla v. Fyre Media, et al., Case No. 17-03541 (ER) (S.D.N.Y. June 13, 2017).

704(a)(4).

14. Bankruptcy Rule 2004(a) provides that "upon the motion of any party in interest, the court may order the examination of any entity." It is well established that the investigation envisioned by this rule is broad-based, relating to any and all matters affecting the administration of the Debtor's estate, as well as the conduct, liabilities or property of the Debtor.

15. Discovery under Rule 2004 is broader than that available under the Federal Rules of Civil Procedure. In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991). "As a general proposition, [Bankruptcy] Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" In re Enron Corp., 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (citations omitted). As such, courts have acknowledged that "[Bankruptcy] Rule 2004 examinations are broad and unfettered and in the nature of fishing expeditions." Id. see also, In re Coffee Cupboard, Inc., 128 B.R. 509, 514 (Bankr. E.D.N.Y. 1991); In re Silverman, 36 B.R. 254, 258 (Bankr. S.D.N.Y. 1984).

16. The Rule 2004 examinations of the Principals are necessary in light of their failure or refusal to comply with the Order for Relief and make necessary disclosures. The examination of Mr. Ve is important because the Trustee believes based upon prior publications of the Debtor that he was the chief revenue officer of the Debtor and/or of its parent Fyre Media and would have knowledge related to the various transactions the Debtor made promoting and preparing for the Festival. The examination of Fyre Media is critical as it is the parent company of the Debtor and the Trustee must understand its financial and governance relationship with the Debtor. Examinations of both Blackman and WSGR are important as they served, respectively, as insurance broker and corporate counsel to the Debtor and consequently have documents and

5

information related to the Debtor and its financial affairs. Finally, the Trustee wishes to examine the Financial Institutions in order to obtain reliable information related to the Debtor's financial affairs.

17. The Rule 2004 examinations of the Examinees sought herein are necessary for the Trustee to fulfill his duties under the Bankruptcy Code.

18. For all the foregoing reasons, the Trustee respectfully submits that he has demonstrated ample cause and a right to conduct the examinations contemplated herein.

## **PROPOSED PROCEDURE**

19. The Trustee proposes that any examination be held at either (i) the offices of Trustee's counsel, Klestadt Winters Jureller Southard & Stevens, LLP, 200 West 41st Street, 17th Floor, New York, New York, 10036-7203; (ii) any other location as agreed to by the Trustee and his counsel; or (iii) if this Court does not have subpoena power to compel the personal testimony of any examinee, at such other location as may be appropriate and permissible under Bankruptcy Rules 2004, 2005, 9001(5) and 9016.

20. The Trustee proposes to serve all subpoenas *duces tecum* at least fourteen (14) days prior to the due date for the production or inspection of any documents or electronic files, or the date of an intended deposition.

## **NOTICE**

21. The Trustee will provide notice of this Application and the hearing thereon to the Debtor, Debtor's counsel, proposed Examinees, the United States Trustee and all parties having filed a notice of appearance in the Debtor's case.

22. Applications for relief under Rule 2004(a) are usually granted *ex-parte*. 9 *Collier on Bankruptcy* ¶ 2004.01[2] (15th ed. 2009), *citing* 1983 Advisory Committee Note to Fed. R.

Bankr. P. 2004, *reprinted in* ch. 2004, App. 2004; In re Sutera, 141 B.R. 539, 540 (Bankr. D. Conn. 1992); In re Wilcher, 56 B.R. 428, 434 (Bankr. N.D.Ill. 1985); In re Silverman, 10 C.B.C.2d 1219, 36 B.R. 254 (Bankr. S.D.N.Y. 1984). Some bankruptcy courts even adopt local rules allowing the service of subpoenas under Bankruptcy Rule 2004(a) without having to file any application at all. See e.g., D.N.J. L.B.R. 2004-1(b).

23. Pursuant to the Honorable Martin Glenn's Chambers' Rules, "[r]equests for 2004 orders may be submitted ex parte but the Court in its discretion may require notice and a hearing." The Trustee elected to make the instant Application on notice to parties in interest because the Trustee has filed other motions related to discovery and other relief contemporaneously with the instant application and it makes sense for the instant Application to be heard with those.

24. Based upon the foregoing, the Trustee has provided notice of the Application and hearing thereon to all prospective Examinees and other parties in interest. Further, Examinees will have an opportunity to seek relief from any subpoena duly issued and served by the Trustee should they so choose.

25. Based upon the foregoing, the Trustee submits that notice of the instant Application and relief sought herein is sufficient, and that no additional or further notice should be required.

**NO PRIOR RELIEF**

26. No previous application for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests that this Court enter an order, substantially in the form of the Proposed Order, and for such other and further relief as the Court determines to be just and proper.

7

Dated: New York, New York
November 16, 2017

        **KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By: */s/ Christopher J. Reilly*
Fred Stevens
Christopher J. Reilly
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
      creilly@klestadt.com

*Special Litigation Counsel to Gregory M.
  Messer, the Chapter 7 Trustee of the Estate
  of Fyre Festival LLC*