**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

In re                               :

                                   :        Chapter 7

FYRE FESTIVAL LLC,         :

                                   :        Case No. 17-11883 (MG)

                     Debtor.       :

----------------------------------------------------------------x

### STIPULATION AND ORDER EXTENDING TRUSTEE'S TIME TO
### ASSERT CLAIMS AND CAUSES OF ACTION
### AGAINST THE MATTE PARTIES

This stipulation (the "Stipulation") is made and entered into by and between Gregory Messer (the "Trustee"), in his capacity as chapter 7 trustee of the estate of Fyre Festival LLC, the above-captioned debtor (the "Debtor"), and Matte Finish, LLC and FM2010, LLC (collectively, the "Matte Parties" and together with the Trustee, the "Parties" or each a "Party"), as follows:

### RECITALS

A.      On July 7, 2017 (the "Petition Date"), an involuntary chapter 7 petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") was field against Fyre Festival by certain of its unsecured creditors.

B.      On August 29, 2017, the Court entered an order for relief in Fyre Festival's case [Docket No. 4].

C.      On or around August 31, 2017, Gregory M. Messer was appointed interim trustee of the Debtor's estate.  On or about November 17, 2017, the Trustee presided over the first meeting of creditors pursuant to section 341(a) of the Bankruptcy Code and duly qualified and became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

D.     The Trustee is investigating whether certain claims, including but not limited to claims and causes of action that exist under Chapter 5 of the Bankruptcy Code (collectively, the "Potential Claims"), may exist against the Matte Parties.

E.     The deadline under section 546(a) of the Bankruptcy Code by which the Trustee must assert certain, but potentially not all, of the Potential Claims is August 29, 2019 (the "Deadline").

F.     The Trustee and Matte Parties entered into a Stipulation voluntarily extending the Deadline through and including September 9, 2019, which was "so ordered" by this Court on August 29, 2019 [Docket No. 100].

G.     The Trustee and Matte Parties entered into a Stipulation further voluntarily extending the Deadline through and including September 23, 2019, which was "so ordered" by this Court on September 19, 2019 [Docket No. 106].

H.     The Trustee and Matte Parties entered into a Stipulation further voluntarily extending the Deadline through and including November 18, 2019 (the "Tolling Period"), which was "so ordered" by this Court on September 20, 2019 [Docket No. 108].

I.     The Trustee and Matte Parties intend to engage in discussions regarding the Potential Claims, but will be unable to do so before the Tolling Period expires.  The Parties wish to further voluntarily extend the Tolling Period to avoid, if possible, the commencement of litigation if the Potential Claims can be resolved consensually.

## <u>AGREEMENT</u>

**NOW THEREFORE**, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.      <u>Recitals Incorporated.</u>  The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2.      <u>Tolling</u>.  The Tolling Period is hereby extended from November 18, 2019 through and including January 17, 2020 (the "Extended Tolling Period").

3.      <u>Defenses Limitation</u>.  Any and all applicable statutes of limitations, statutes of repose, the equitable doctrine of laches, and any other time-related defense or rule that is premised upon delay in filing, notifying or in taking any action (collectively, "Limitations Defenses") to prosecute the Potential Claims, and any defense and/or counterclaims of the Debtor or Trustee specifically related to these time-related deadlines (collectively, the "Defenses"), shall be waived and tolled only during the Extended Tolling Period and the Extended Tolling Period shall not be used in calculating any Limitations Defenses applicable to the Potential Claims and the Defenses.

4.      <u>Preservation of Rights</u>.  Except as specifically provided herein, the rights, obligations, positions, claims and defenses of the Parties hereto shall in no way be affected by this Stipulation and such rights, obligations, positions, claims and defenses are specifically reserved. The execution of this Stipulation, and/or anything contained herein shall not operate as an admission of liability or responsibility by the parties hereto and shall not be so construed, nor shall this Stipulation be used as evidence in any action or proceeding for any purpose other than the enforcement of the terms hereof.  No independent claim or cause of action shall be created by this Stipulation; <u>provided</u>, <u>however</u>, that nothing contained in this Stipulation, including the foregoing provisions of this sentence, shall act in any way to limit or diminish the right of any Party to this Stipulation to seek to enforce this Stipulation.

5.      <u>Entire Agreement/No Oral Modification</u>. The Parties represent that this Stipulation constitutes the entire agreement among them with respect to the subject matter hereof and that this

Stipulation may not be changed, modified or altered in any way or manner, except in writing, signed by the party against which such change, modification or alteration is sought to be enforced.

6.      <u>Execution of Counterparts</u>.  This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.  Any signature delivered by a party via e-mail or telecopier transmission shall be deemed an original signature hereto.

7.      <u>Bankruptcy Court Jurisdiction/Choice of Law</u>.  The Bankruptcy Court shall retain jurisdiction with respect to all matters arising from or related to this Stipulation, including, without limitation, for purposes of enforcing the terms and conditions of this Stipulation.  This Stipulation shall be governed by the laws of the State of New York.

8.      <u>No Waiver.</u>  No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

9.      <u>Severability.</u>  The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

10.      <u>Representations of Authority.</u>  The persons signing below each represents and warrants that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he/she so signs.  The undersigned counsel, each represent that they have the full power and authority necessary to bind their respective clients to the terms of this Stipulation, in the same manner as if the clients have duly executed the same.

Dated:  New York, New York
        November 15, 2019

       **ADELMAN MATZ, P.C.**

By:  _/s/ Sarah M. Matz_____
        Gary Adelman, Esq.
        Sarah M. Matz, Esq.
        1173A Second Ave., Suite 153
        Tel: (646)650-2207
        Email: g@adelmanmatz.com
                sarah@adelmanmatz.com

        *Attorneys for the Matte Parties*

Dated:  New York, New York
        November 14, 2019

**KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP**

By:     _/s/ Fred Stevens_____
        Fred Stevens
        Christopher Reilly
        200 West 41st Street, 17th Floor
        New York, New York 10036-7203
        Tel: (212) 972-3000
        Fax: (212) 972-2245
        Email: fstevens@klestadt.com
                creilly@klestadt.com

        *Special Litigation Counsel to Gregory
        M. Messer, Chapter 7 Trustee*

**IT IS SO ORDERED.**

Dated:  November 18, 2019
        New York, New York

           **_/s/ Martin Glenn_____**
            MARTIN GLENN
    United States Bankruptcy Judge