**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------x

In re                             :

                                :            Chapter 7

FYRE FESTIVAL LLC,        :

                                :            Case No. 17-11883-MG

                  Debtor.    :

----------------------------------------------------------x

### STIPULATION AND ORDER FIXING AND ALLOWING TICKETHOLDERS' PROOFS OF CLAIMS NOS. 4 TO 281, AND AGREEING TO METHOD OF TREATMENT AND DISTRIBUTION BY TRUSTEE

This stipulation (the "Stipulation") is made and entered into by and between (I) Gregory M. Messer (the "Trustee"), in his capacity as chapter 7 trustee of the estate of Fyre Festival LLC, the above-captioned debtor (the "Debtor"), and (II) each of the claimant ticketholders (each a "Ticketholder Claimant," collectively, the "Ticketholder Claimants"), who filed Proofs of Claim Nos. 4 to 281 (each a "Ticketholder Claim," collectively, the "Ticketholder Claims") against the Debtor's estate (the Trustee and Ticketholder Claimants are collectively referred to herein as the "Parties," each a "Party"), as follows:

### RECITALS

A.      On July 7, 2017 (the "Petition Date"), an involuntary petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") was filed against the Debtor by alleged creditors John Nemeth, Raul Jimenez and Andrew Newman.

B.      On August 29, 2017, the Court entered the Order for Relief in the Debtor's case [Docket No. 4].

C.      On or around August 31, 2017, Gregory M. Messer was appointed interim trustee of the Debtor's estate.  On or about November 17, 2017, the Trustee presided over the first

meeting of creditors pursuant to section 341(a) of the Bankruptcy Code and duly qualified and

became the permanent trustee herein by operation of section 702(d) of the Bankruptcy Code.

D.      The Ticketholder Claimants purchased tickets to the "Fyre Festival" music

festival to be put on by the Debtor in the Exumas, Bahamas, over two weekends in April and

May 2017.  The Fyre Festival was a well-publicized disaster where no musical act ever took the

stage.  The Debtor cancelled the Fyre Festival on the morning it was scheduled to begin after

many ticketholders had already arrived.  As a result, each of the Ticketholder Claimants asserts

that it suffered significant damages as a result of breach of contract, fraud, and other claims

perpetrated by the Debtor, its management and others.

E.      On or around January 20, 2018, the Ticketholder Claimants filed the Ticketholder

Claims against the Debtor's bankruptcy estate as unliquidated, general unsecured claims.

F.      The Ticketholder Claims were filed by and through the Ticketholder Claimants'

attorneys, Geragos & Geragos, APC (the "Geragos Firm").

G.      Prior to and during the pendency of this bankruptcy case, the Geragos Firm made

a diligent, good faith effort to find and invite any ticketholders to be part of the Ticketholder

Claimant group.

H.      The Geragos Firm has and is representing the Ticketholder Claimants in

connection with the prosecution of claims against non-debtors including the Debtor's former

management.

I.      The Parties have discussed the appropriate amount of the Ticketholder Claims and

wish to liquidate and fix the Ticketholder Claims at this time.

## AGREEMENT

**NOW, THEREFORE IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.    <u>Recitals Incorporated.</u>  The recitals and precatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Stipulation.

2.    <u>Bankruptcy Court Approval Required</u>.  This Stipulation between the Parties is subject in all respects to the Bankruptcy Court's approval by "So Ordering" this Stipulation and entering it on the docket of the Debtor's case.  The Trustee shall formally seek the Bankruptcy Court's approval of this Stipulation by no later than thirty (30) days of the signing of this Stipulation by all Parties.

3.    <u>Fixing and Allowing the Ticketholder Claims</u>.  The Ticketholder Claims shall be consolidated, fixed and allowed as a single, timely-filed general unsecured claim against the Debtor's bankruptcy estate in the total amount of Two-Million Dollars (<u>$2,000,000.00</u>) (the "<u>Allowed Consolidated Ticketholder Claim</u>").

4.    <u>Method of Distribution</u>.  When and if the Trustee makes any distribution on account of the Allowed Consolidated Ticketholder Claim (a "<u>Ticketholder Distribution</u>"), it will be by single payment made to "Geragos & Geragos, APC, as attorneys" and sent to the Geragos Firm as follows:

> Geragos & Geragos, APC
> 644 S. Figueroa Street
> Los Angeles, CA 90017
> Attn: Ben Meiselas, Esq.

5.    <u>Geragos Firm Responsibility</u>.  The Geragos Firm shall take any and all responsibility for the allocation of any Ticketholder Distribution amongst the Ticketholder Claimants and/or itself as counsel to the Ticketholder Claimants as may be permitted pursuant to

any agreements between the Ticketholder Claimants and the Geragos Firm.  The Trustee shall

have no right or responsibility to make any distribution to individual Ticketholder Claimants, or

to monitor or review what the Geragos Firm does following the Trustee's making any

Ticketholder Distribution.

6.    <u>Stipulation Without Prejudice</u>.    The agreement reached in this Stipulation is

without prejudice to the Ticketholder Claimants' rights and ability to seek a recovery on account

of the Ticketholder Claims against any non-debtor individuals or entities, and neither this

Stipulation nor its terms shall be deemed to limit the Ticketholder Claimants' rights (i) to pursue

payment in full on account of any of their claims against parties other than the Debtor and its

bankruptcy estate, or (ii) to assert in any other demand, action or proceeding against a non-debtor

that the amount of their damages, individually and/or collectively, exceed the amount of the

Allowed Consolidated Ticketholder Claim.

7.    <u>Entire Agreement/No Oral Modification</u>. The Parties represent that this

Stipulation constitutes the entire agreement among them in this matter and that this Stipulation

may not be changed, modified or altered in any way or manner, except in writing, signed by the

party against which such change, modification or alteration is sought to be enforced.

8.    <u>Execution of Counterparts</u>.  This Stipulation may be executed in one or more

counterparts, each of which shall be deemed an original but all of which together shall constitute

one and the same instrument.   Any signature delivered by a party via e-mail or telecopier

transmission shall be deemed an original signature hereto.

9.    <u>Bankruptcy Court Jurisdiction/Choice of Law</u>.  The Bankruptcy Court shall retain

jurisdiction with respect to all matters arising from or related to this Stipulation, including,

without limitation, for purposes of enforcing the terms and conditions of this Stipulation.  This Stipulation shall be governed by the laws of the State of New York.

10.    <u>No Waiver.</u>  No failure or delay by either Party in exercising any right, power, or privilege under this Stipulation or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

11.    <u>Severability.</u>  The invalidity, illegality, or unenforceability of any provision of this Stipulation shall not affect any other provision of this Stipulation, which Stipulation shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

12.    <u>Representations of Authority.</u>  The persons signing below each represents and warrants that he/she has the authority to enter into this Stipulation on behalf of the Party on whose behalf he/she so signs.  The undersigned counsel, each represent that they have the full power and authority necessary to bind their respective clients to the terms of this Stipulation, in the same manner as if the clients have duly executed the same.

13.    <u>Costs.</u>  Each party to this Stipulation shall bear its own attorneys' fees and costs.

*[Signatures on next page]*

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed by their duly authorized representatives as of the date set forth below.

Dated:  New York, New York
March 23, 2021

**GERAGOS & GERAGOS, APC**

By: _Ben Meiselas_
Ben Meiselas
644 South Figueroa Street
Los Angeles, California 90017
Tel: (213) 625-3900
Fax: (213) 232-3255
Email: meiselas@geragos.com

*Counsel to Ticketholder Claimants*

Dated:  New York, New York
March 23, 2021

**KLESTADT & WINTERS
JURELLER SOUTHARD &
STEVENS, LLP**

By: _Fred Stevens_
Fred Stevens
Christopher Reilly
200 West 41st Street, 17th Floor
New York, New York 10036-7203
Tel: (212) 972-3000
Fax: (212) 972-2245
Email: fstevens@klestadt.com
        creilly@klestadt.com

*Special Litigation Counsel to
Gregory M. Messer, Chapter 7
Trustee*

**"SO ORDERED"**

Dated:  New York, New York
_____ ___, 2021

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE